E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
JASON A. GORN (Cal. Bar No. 296179)
Assistant United States Attorney
General Crimes Section
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-7962
     Facsimile: (213) 894-0141
     E-mail:   Jason.Gorn@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>               v.<br><br>GABRIEL GRIMALDO, et al.,<br><br>          Defendant. | No. 2:23-cr-00578-PA-2<br><br>PLEA AGREEMENT FOR DEFENDANT<br>GABRIEL GRIMALDO |

1.   This constitutes the plea agreement between GABRIEL

GRIMALDO ("defendant") and the United States Attorney's Office for

the Central District of California (the "USAO") in the above-

captioned case.  This agreement is limited to the USAO and cannot

bind any other federal, state, local, or foreign prosecuting,

enforcement, administrative, or regulatory authorities.

                    DEFENDANT'S OBLIGATIONS

2.   Defendant agrees to:

     a.   At the earliest opportunity requested by the USAO and

provided by the Court, appear and plead guilty to count three of the

indictment in <u>United States v. Gabriel Grimaldo, et al.</u>, No. 2:23-cr-

WP
4/16/24

00578-PA-2, which charges defendant with Distribution of Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii).

b.  Not contest facts agreed to in this agreement.

c.  Abide by all agreements regarding sentencing contained in this agreement.

d.  Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e.  Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f.  Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

g.  Pay the applicable special assessment at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

3.  Defendant further agrees:

a.  To forfeit all right, title, and interest in and to any and all monies, properties, and/or assets of any kind, derived from or acquired as a result of, used to facilitate the commission of, or involved in the illegal activity to which defendant is pleading guilty, specifically including, but not limited to, the following:

i.  One round of Poongsan Corporation 9mm ammunition;

ii.  One round of China North Industries Corporation 9mm ammunition;

iii. One round of Winchester 9mm ammunition; and

iv.  One round of American Ammunition, Inc (collectively, the "Forfeitable Property").

b.   To the Court's entry of an order of forfeiture at or before sentencing with respect to the Forfeitable Property and to the forfeiture of the property.

c.   That the Preliminary Order of Forfeiture shall become final as to the defendant upon entry.

d.   To take whatever steps are necessary to pass to the United States clear title to the Forfeitable Property, including without limitation, the execution of a consent decree of forfeiture and the completing of any other legal documents required for the transfer of title to the United States.

e.   Not to contest any administrative forfeiture proceedings or civil judicial proceedings commenced against the Forfeitable Property.  If defendant submitted a claim and/or petition for remission for all or part of the Forfeitable Property on behalf of himself or any other individual or entity, defendant shall and hereby does withdraw any such claims or petitions, and further agrees to waive any right he may have to seek remission or mitigation of the forfeiture of the Forfeitable Property.  Defendant further waives any and all notice requirements of 18 U.S.C. § 983(a)(1)(A) and/or requirements of the government to commence forfeiture actions pursuant to 18 U.S.C. § 924(d)(1).

f.   Not to assist any other individual in any effort falsely to contest the forfeiture of the Forfeitable Property.

g.   Not to claim that reasonable cause to seize the Forfeitable Property was lacking.

3

h.   To prevent the transfer, sale, destruction, or loss of the Forfeitable Property to the extent defendant has the ability to do so.

i.   That forfeiture of Forfeitable Property shall not be counted toward satisfaction of any special assessment, fine, restitution, costs, or other penalty the Court may impose.

j.   That with respect to any criminal forfeiture ordered as a result of this plea agreement, defendant waives: (1) the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcements of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment; (2) all constitutional and statutory challenges to the forfeiture (including by direct appeal, habeas corpus or any other means); and (3) all constitutional, legal, and equitable defenses to the forfeiture of the Forfeitable Property in any proceeding on any grounds including, without limitation, that the forfeiture constitutes an excessive fine or punishment.  Defendant acknowledges that the forfeiture of the Forfeitable Property is part of the sentence that may be imposed in this case and waives any failure by the Court to advise defendant of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the time the Court accepts defendant's guilty plea.

k.   To the abandonment to the United States of any interest of the defendant in the following firearm, seized by law enforcement on or about May 10, 2023: One privately made 9mm semi-automatic pistol (the "Seized Firearm").

1          l.    Acknowledge that he is the sole owner of the Seized

2    Firearm and that no other person or entity has an interest in the

3    Seized Firearm.

4          m.    Complete any legal documents (including, but not

5    limited to, an ATF Form 3400.1 – Abandonment) required for the

6    transfer of title of the Seized Firearm to the United States

7                         THE USAO'S OBLIGATIONS

8       4.   The USAO agrees to:

9          a.    Not contest facts agreed to in this agreement.

10         b.    Abide by all agreements regarding sentencing contained

11   in this agreement.

12         c.    At the time of sentencing, move to dismiss the

13   remaining counts of the indictment as against defendant.  Defendant

14   agrees, however, that at the time of sentencing the Court may

15   consider any dismissed charges in determining the applicable

16   Sentencing Guidelines range, the propriety and extent of any

17   departure from that range, and the sentence to be imposed.

18         d.    At the time of sentencing, provided that defendant

19   demonstrates an acceptance of responsibility for the offense up to

20   and including the time of sentencing, recommend a two-level reduction

21   in the applicable Sentencing Guidelines offense level, pursuant to

22   U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an

23   additional one-level reduction if available under that section.

24         e.    Recommend that defendant be sentenced to a term of

25   imprisonment no higher than the low end of the applicable Sentencing

26   Guidelines range, provided that the offense level used by the Court

27   to determine that range is 27 or higher and provided that the Court

28   does not depart downward in offense level or criminal history

                                  5

category.  For purposes of this agreement, the low end of the Sentencing Guidelines range is that defined by the Sentencing Table in U.S.S.G. Chapter 5, Part A.

<u>NATURE OF THE OFFENSE</u>

5.    Defendant understands that for defendant to be guilty of the crime charged in count three, that is, Distribution of Methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A)(viii), the following must be true: (i) defendant knowingly distributed methamphetamine; and (ii) defendant knew that it was methamphetamine or some other federally controlled substance.

6.    Defendant understands that for defendant to be subject to the statutory maximum and statutory minimum sentences set forth below, the government must prove beyond a reasonable doubt that defendant distributed or aided and abetted the distribution of at least 50 grams of methamphetamine, as alleged in count three of the indictment.  Defendant admits that defendant, in fact, distributed or aided and abetted the distribution of at least 50 grams of methamphetamine, as alleged in count three of the indictment.

<u>PENALTIES</u>

7.    Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A)(viii), is: life imprisonment; a lifetime period of supervised release; a fine of $10,000,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

8.    Defendant understands that the statutory mandatory minimum sentence that the Court must impose for a violation of Title 21,

United States Code, Sections 841(a)(1), (b)(1)(A)(viii), is: 10 years' imprisonment, followed by a five-year period of supervised release, and a mandatory special assessment of $100.

9.   Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release.

10.   Defendant understands that under 21 U.S.C. § 862a, defendant will not be eligible for assistance under state programs funded under the Social Security Act or Federal Food Stamp Act or for federal food stamp program benefits, and that any such benefits or assistance received by defendant's family members will be reduced to reflect defendant's ineligibility.

11.   Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition.  Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated

7

1   collateral consequences will not serve as grounds to withdraw

2   defendant's guilty plea.

3       12.  Defendant and his counsel have discussed the fact that, and

4   defendant understands that, if defendant is not a United States

5   citizen, the conviction in this case makes it practically inevitable

6   and a virtual certainty that defendant will be removed or deported

7   from the United States.  Defendant may also be denied United States

8   citizenship and admission to the United States in the future.

9   Defendant understands that while there may be arguments that

10  defendant can raise in immigration proceedings to avoid or delay

11  removal, removal is presumptively mandatory and a virtual certainty

12  in this case.  Defendant further understands that removal and

13  immigration consequences are the subject of a separate proceeding and

14  that no one, including his attorney or the Court, can predict to an

15  absolute certainty the effect of his conviction on his immigration

16  status.  Defendant nevertheless affirms that he wants to plead guilty

17  regardless of any immigration consequences that his plea may entail,

18  even if the consequence is automatic removal from the United States.

19                          FACTUAL BASIS

20      13.  Defendant admits that defendant is, in fact, guilty of the

21  offense to which defendant is agreeing to plead guilty.  Defendant

22  and the USAO agree to the statement of facts provided below and agree

23  that this statement of facts is sufficient to support a plea of

24  guilty to the charge described in this agreement and to establish the

25  Sentencing Guidelines factors set forth in paragraph 15 below but is

26  not meant to be a complete recitation of all facts relevant to the

27  underlying criminal conduct or all facts known to either party that

28  relate to that conduct.

1    On May 10, 2023, in Los Angeles County, within the Central

2    District of California, defendant knowingly and intentionally

3    distributed approximately 53.2 grams of methamphetamine and a

4    privately made 9mm semi-automatic pistol (commonly referred to as a

5    ghost gun) (the "Pistol") to an individual he believed was a drug and

6    firearm purchaser, but who was, in fact, a confidential informant

7    ("CI") working at the direction of the Bureau of Alcohol, Tobacco,

8    Firearms and Explosives ("ATF").

9    Specifically, on May 10, 2023, co-defendant Angel Hernandez

10   ("Hernandez") brokered the sale of methamphetamine and a firearm

11   between the CI and defendant, which was to take place at the parking

12   lot of a KFC fast-food restaurant located in Sherman Oaks,

13   California.  While Hernandez and the CI waited in this parking lot on

14   May 10, 2023, defendant arrived at the location in a black Dodge

15   Charger.  The CI then entered defendant's Dodge Charger, and

16   defendant sold and distributed to the CI approximately 53 grams of

17   methamphetamine and the Pistol for $1,580 in cash.  At the time of

18   the sale, the Pistol was loaded with 4 rounds of ammunition.  At the

19   time defendant distributed the methamphetamine to the CI, defendant

20   knew that it was methamphetamine.

21                          SENTENCING FACTORS

22   14.  Defendant understands that in determining defendant's

23   sentence the Court is required to calculate the applicable Sentencing

24   Guidelines range and to consider that range, possible departures

25   under the Sentencing Guidelines, and the other sentencing factors set

26   forth in 18 U.S.C. § 3553(a).  Defendant understands that the

27   Sentencing Guidelines are advisory only, that defendant cannot have

28   any expectation of receiving a sentence within the calculated

Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate between the mandatory minimum and up to the maximum set by statute for the crime of conviction.

15.  Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

Base Offense Level:            30        U.S.S.G. §§ 2D1.1(a)(5, (c)(5)
At Least 50g But Less Than
150g of Methamphetamine
(actual)

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.  Defendant understands that defendant's offense level could be increased if defendant is a career offender under U.S.S.G. §§ 4B1.1 and 4B1.2.  If defendant's offense level is so altered, defendant and the USAO will not be bound by the agreement to Sentencing Guideline factors set forth above.

16.  Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

17.  Defendant understands that by pleading guilty, defendant gives up the following rights:

        a.  The right to persist in a plea of not guilty.

        b.  The right to a speedy and public trial by jury.

        c.  The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial.  Defendant understands, however, that, defendant retains the right to be

represented by counsel -- and if necessary have the Court appoint
counsel -- at every other stage of the proceeding.

d.   The right to be presumed innocent and to have the
burden of proof placed on the government to prove defendant guilty
beyond a reasonable doubt.

e.   The right to confront and cross-examine witnesses
against defendant.

f.   The right to testify and to present evidence in
opposition to the charges, including the right to compel the
attendance of witnesses to testify.

g.   The right not to be compelled to testify, and, if
defendant chose not to testify or present evidence, to have that
choice not be used against defendant.

h.   Any and all rights to pursue any affirmative defenses,
Fourth Amendment or Fifth Amendment claims, and other pretrial
motions that have been filed or could be filed.

<u>WAIVER OF APPEAL OF CONVICTION</u>

18.  Defendant understands that, with the exception of an appeal
based on a claim that defendant's guilty plea was involuntary, by
pleading guilty defendant is waiving and giving up any right to
appeal defendant's conviction on the offense to which defendant is
pleading guilty.  Defendant understands that this waiver includes,
but is not limited to, arguments that the statute to which defendant
is pleading guilty is unconstitutional, and any and all claims that
the statement of facts provided herein is insufficient to support
defendant's plea of guilty.

1

LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

2    19.  Defendant agrees that, provided the Court imposes a term of

3  imprisonment within or below the Sentencing Guidelines range

4  corresponding to an offense level of 27 and the criminal history

5  category calculated by the Court, defendant gives up the right to

6  appeal all of the following: (a) the procedures and calculations used

7  to determine and impose any portion of the sentence; (b) the term of

8  imprisonment imposed by the Court; (c) the fine imposed by the Court,

9  provided it is within the statutory maximum; (d) to the extent

10 permitted by law, the constitutionality or legality of defendant's

11 sentence, provided it is within the statutory maximum; (e) the term

12 of probation or supervised release imposed by the Court, provided it

13 is within the statutory maximum; and (f) any of the following

14 conditions of probation or supervised release imposed by the Court:

15 the conditions set forth in Second Amended General Order 20-04 of

16 this Court; the drug testing conditions mandated by 18 U.S.C.

17 §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions

18 authorized by 18 U.S.C. § 3563(b)(7).

19    20.  The USAO agrees that, provided (a) all portions of the

20 sentence are at or above the statutory minimum and at or below the

21 statutory maximum specified above and (b) the Court imposes a term of

22 imprisonment within or above the Sentencing Guidelines range

23 corresponding to an offense level of 27 and the criminal history

24 calculated by the Court, the USAO gives up its right to appeal any

25 portion of the sentence.

26

WAIVER OF COLLATERAL ATTACK

27    21.  Defendant also gives up any right to bring a post-

28 conviction collateral attack on the conviction or sentence, except a

12

post-conviction collateral attack based on a claim of ineffective
assistance of counsel, a claim of newly discovered evidence, or an
explicitly retroactive change in the applicable Sentencing
Guidelines, sentencing statutes, or statutes of conviction.
Defendant understands that this waiver includes, but is not limited
to, arguments that the statutes to which defendant is pleading guilty
are unconstitutional, and any and all claims that the statement of
facts provided herein is insufficient to support defendant's plea of
guilty.

<u>RESULT OF WITHDRAWAL OF GUILTY PLEA</u>

22. Defendant agrees that if, after entering a guilty plea
pursuant to this agreement, defendant seeks to withdraw and succeeds
in withdrawing defendant's guilty plea on any basis other than a
claim and finding that entry into this plea agreement was
involuntary, then (a) the USAO will be relieved of all of its
obligations under this agreement; and (b) should the USAO choose to
pursue any charge that was either dismissed or not filed as a result
of this agreement, then (i) any applicable statute of limitations
will be tolled between the date of defendant's signing of this
agreement and the filing commencing any such action; and
(ii) defendant waives and gives up all defenses based on the statute
of limitations, any claim of pre-indictment delay, or any speedy
trial claim with respect to any such action, except to the extent
that such defenses existed as of the date of defendant's signing this
agreement.

## RESULT OF VACATUR, REVERSAL, OR SET-ASIDE

23.  Defendant agrees that if the count of conviction is vacated, reversed, or set aside, both the USAO and defendant will be released from all their obligations under this agreement.

## EFFECTIVE DATE OF AGREEMENT

24.  This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

## BREACH OF AGREEMENT

25.  Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

26.  Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

     a.   Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

     b.   Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

     c.   Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

<u>COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES</u>

<u>OFFICE NOT PARTIES</u>

27.  Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

28.  Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information

to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 15 are consistent with the facts of this case.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

29.  Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be between the statutory mandatory minimum and the statutory maximum.

<u>NO ADDITIONAL AGREEMENTS</u>

30.  Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional

16

1  promise, understanding, or agreement may be entered into unless in a

2  writing signed by all parties or on the record in court.

3  <u>PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING</u>

4      31.  The parties agree that this agreement will be considered

5  part of the record of defendant's guilty plea hearing as if the

6  entire agreement had been read into the record of the proceeding.

7  AGREED AND ACCEPTED

8  UNITED STATES ATTORNEY'S OFFICE
   FOR THE CENTRAL DISTRICT OF
9  CALIFORNIA

10 E. MARTIN ESTRADA
   United States Attorney

11

12  _____          **4/16/2024**
    JASON A. GORN
13  Assistant United States Attorney       _____
                                           Date
14  _____
    GABRIEL GRIMALDO                       4.16.24
15  Defendant                              _____
                                           Date
16  _____ FOR Annick Jordan
    ANNICK JORDAN                          4/16/24
17  Attorney for Defendant                 _____
    GABRIEL GRIMALDO                       Date

18

19          CERTIFICATION OF DEFENDANT

20      I have read this agreement in its entirety.  I have had enough

21  time to review and consider this agreement, and I have carefully and

22  thoroughly discussed every part of it with my attorney.  I understand

23  the terms of this agreement, and I voluntarily agree to those terms.

24  I have discussed the evidence with my attorney, and my attorney has

25  advised me of my rights, of possible pretrial motions that might be

26  filed, of possible defenses that might be asserted either prior to or

27  at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a),

28  of relevant Sentencing Guidelines provisions, and of the consequences

of entering into this agreement.  No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement.  No one has threatened or forced me in any way to enter into this agreement.  I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charge and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____       _____
GABRIEL GRIMALDO                        Date
Defendant

### CERTIFICATION OF DEFENDANT'S ATTORNEY

    I am GABRIEL GRIMALDO's attorney.  I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

_____       _____
ANNICK JORDAN                           Date
Attorney for Defendant
GABRIEL GRIMALDO